UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IN RE:<br>ROBBIE WILLIAM DAY,<br>DEBTOR | CASE No.<br><br>CHAPTER | 14-30950 (JAM)<br><br>7 |
| LAW OFFICE OF W. MARTYN PHILPOT, JR., LLC,<br>PLAINTIFF,<br><br>v.<br><br>ROBBIE WILLIAM DAY,<br>DEFENDANT. | ADV PRO No.<br><br><br><br><br>ECF No. | 14-03031<br><br><br><br><br>12, 37 |

## MEMORANDUM AND ORDER ON MOTION FOR JUDGMENT

**I.    Introduction**

On August 11, 2014, the Law Office of W. Martyn Philpot, Jr., LLC, (the "Plaintiff"), commenced this adversary proceeding against the debtor, Robbie William Day (the "Defendant"). The Amended Complaint (the "Complaint", ECF No. 12), asserts that legal fees due to the Plaintiff from the Defendant should be deemed nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

On July 2, 2015, the Plaintiff filed a Motion for Default for Failure to Plead (ECF No. 21). On July 8, 2015, a default entered against the Defendant (ECF No. 25). On November 25, 2015, the Plaintiff filed a Motion for Judgment based upon the default entered against the Defendant (ECF No. 37).

On February 24, 2016, the Court held an evidentiary hearing on the Motion for Judgment (the "evidentiary hearing"). At the evidentiary hearing, the Plaintiff and the Defendant examined witnesses and introduced exhibits into evidence.[1] Based upon the testimony and evidence

---

[1] The Defendant appeared pro se despite being represented by counsel of record, James R. Hardy, II.

admitted at the evidentiary hearing, the Motion for Judgment is denied due to the Plaintiff's failure to establish a prima facie case of a nondischargeable debt under 11 U.S.C. § 523(a)(2)(A). Furthermore, for the reasons set forth below, judgment will enter for the Defendant.

**II.    Facts**

The Complaint alleges that:

1. On or about June 20, 2013, the Defendant: (i) retained the Plaintiff to provide legal services in connection with a pending divorce proceeding; and (ii) paid the Plaintiff an initial retainer of $2,500.00.

2. On November 7, 2013, a final bill for legal services was sent to the Defendant seeking payment in the amount of $12,300.00.

3. Following receipt of the final bill, the Defendant agreed to make monthly payments to the Plaintiff in the amount of $500.00 until the balance was paid in full.

4. The Defendant made the monthly payment in March 2014, but failed to make the April 2014 monthly payment despite promising to do so.

5. On May 9, 2014, the Plaintiff commenced a collection action against the Defendant in Connecticut Superior Court.

6. The debt to the Plaintiff should be deemed nondischargeable because: (i) the Defendant made multiple false representations to the Plaintiff at the time of the Defendant retained the Plaintiff and during the course of negotiations for payment of the final bill; (ii) the Defendant knew the representations he made to the Plaintiff were false; (iii) the Defendant made the representations with the intent and purpose of deceiving the Plaintiff; (iv) the Plaintiff relied on the Defendant's representations; and (v) the Plaintiff sustained a monetary loss as a result of Defendant's false and misleading representations.

### III. Discussion

Although the Defendant failed to respond to the Complaint, the Plaintiff is not entitled to a default judgment as a matter of right. *Universal Bank, N.A. v. Owen (In re Owen)*, 234 B.R. 857, 859 n. 2 (Bankr. D. Conn. 1999). Indeed, the entry of a default does not automatically entitle a plaintiff to the entry of a default judgment even though the effect of a default is to deem allegations in a complaint admitted. *Wells Fargo Bank, N.A., v. Beltran (In re Beltran)*, 182 B.R. 820, 823 (9th Cir. B.A.P. 1995), (*citing Valley Oak Credit Union v. Villegas (In re Villegas)*, 132 B. R. 742, 744 (9th Cir. B.A.P. 1991)). Even after a default enters, "it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *In re Owen*, 234 B.R. at 859 n. 2. The court may decide to conduct a hearing requiring some proof of the facts that must be established in order to determine a defendant's liability. *See* 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure: Civil* § 2688 at 57-58 (3d ed. 1998).

The Court ordered the evidentiary hearing to be conducted to allow the Plaintiff to prove the facts alleged in the Complaint. The Plaintiff was therefore required to present a prima facie case of a nondischargeable debt at the evidentiary hearing. *Adams v. Bostick (In re Bostick)*, 400 B.R. 348, 354-55 (Bankr. D. Conn. 2009). A prima facie nondischargeability case under Section 523(a)(2)(A) requires a plaintiff to prove that: (1) a defendant made representations; (2) knowing them to be false; (3) with the intent and purpose of deceiving the plaintiff; (4) upon which representations the plaintiff actually and justifiably relied; and (5) which proximately caused the alleged loss or damage sustained. *Michalek v. Ochs (In re Ochs)*, 516 B.R. 213, 218 (Bankr. D. Conn. 2014); *American Express Centurion Bank v. Truong (In re Truong)*, 271 B.R. 738, 744 (Bankr. D. Conn. 2002).

The Plaintiff presented evidence in support of its claim that the Defendant's false representations were his initial promise to pay for legal services and his subsequent promise to pay the final bill in monthly installments. Assuming the Plaintiff is correct, the evidence did not establish that the Defendant's representations were false or that Defendant knew the representations were false at the time they were made. In fact, the Plaintiff presented evidence that the Defendant paid the Plaintiff the $2,500.00 retainer before legal services were rendered. Furthermore, the Plaintiff presented evidence that the Defendant made two payments to the Plaintiff after the final bill was issued; the first by a check in the amount of $200.00 dated March 7, 2014, and the second by a check in the amount of $300.00 dated March 13, 2014.

While it is unfortunate that the Plaintiff was not paid in full for the services rendered to the Defendant, no evidence was presented to support the conclusion that the Defendant made false representations to the Plaintiff when it was retained or when the Defendant agreed to pay the final bill in monthly installments. In addition, the evidence did not establish that the Defendant never intended to pay the legal fees due to the Plaintiff. *McCarthy v. Radcliffe (In re Radcliffe)*, 317 B.R. 581, 588 (Bankr. D. Conn. 2004) ("Intent to deceive is an issue of fact to be determined based on the totality of the circumstances"); *see also, Marcella v. ARP Films, Inc.*, 778 F.2d 112, 119 (2d Cir.1985) (failure to honor one's promise is merely a breach of contract, but making a promise that one intends not to keep is fraud); *Law Offices of Donna Buttler v. Bonebo (In re Bonebo)*, 345 B.R. 42, 47 (Bankr. D. Conn. 2006) (finding that court must look to the defendant's intent to pay her debt at the time the note was signed); *accord, Feenstra v. Feenstra (In re Feenstra)*, No. 12-31188 JAM, 2013 WL 6054749 (Bankr. D. Conn. Nov. 15, 2013) (finding debt for unpaid legal fees dischargeable under 11 U.S.C. § 523(a)(2)(A)). Instead, the evidence established that the Defendant's failure to pay the final bill was due to

4

personal financial difficulties he was facing in connection with other legal proceedings. The payment of the initial retainer and the two subsequent checks demonstrate that the Defendant intended to pay for the legal services rendered by the Plaintiff.

Accordingly, the Plaintiff has failed to establish a prima facie case of a nondischargeable debt under 11 U.S.C. § 523(a)(2)(A).

## IV.  Conclusion

A review of the record and the evidence introduced at the evidentiary hearing establishes that the Plaintiff presented all of the evidence it has against the Defendant in support of its nondischargeability claim. Because such evidence is insufficient to prove its case under 11 U.S.C. § 523(a)(2)(A), judgment will enter for the Defendant *See Wells Fargo Bank, N.A. v. Beltran (In re Beltran),* 182 B.R. 820, 826 (9th Cir. B.A.P. 1995) (decision to deny motion for default judgment and enter judgment for the defendants without further proceedings was logical and proper because the Plaintiff had no further evidence to present). Therefore, based on the record of this case, it is hereby

**ORDERED** that the Motion for Judgment is denied; and it is further

**ORDERED** that judgment will enter for the Defendant.

Dated at New Haven, Connecticut this 12th day of May, 2016.

_____
Julie A. Manning
Chief United States Bankruptcy Judge